DORE, Judge.
This is a suit for damages instituted by Anatole Duet against- the defendants, Clodomire Terrebonne and Cleophas “Clifford” Duet, for personal injuries sustained by the plaintiff when he was struck by a truck owned by Clodomire Terrebonne and being operated by his employee, the defendant Cleophas “Clifford” Duet, in the course of his employment. The accident occurred on January 15, 1949, at about 8:30 A.M. on Louisiana Highway No. 622 in the community known as Golden Meadow, Louisiana. The petitioner alleges that at the time and place alleged, Anatole Duet was walking across the highway from the store of Mrs. Lafont located on the west side to a shrimp shed located on the east side; that as petitioner neared the center of the highway he observed the Ford truck -of defendant swinging out of a nearby curve and heading in a northern direction at a speed of about 60 miles per hour; that upon seeing the said truck rapidly approaching, petitioner momentarily looked in’ the opposite direction to ascertain whether or not it would be necessary for him to back off the concrete portion of said highway in the event other cars- were headed in a southern direction; that before petitioner could turn his head again to the south the defendant’s truck had crossed from the east side of the highway and struck him causing severe injuries on which this suit is based. He alleges that the acci-dént was caused solely by the gross negligence of the driver of defendant’s truck in the following respects:
(a) Driving on said 'highway at an ex- ' cessive rate of speed in a thickly populated area.
(b) Failure to keep his truck under proper control.
(c) Driving on the left side of said highway where there was ample room on the right side.
(d) Failure to excercise the proper lookout.
(e) Failure to see your petitioner entering the highway as he shoud have seen.
(f) Failure to apply his brakes upon seeing your petitioner entering the highway.
He further alleges that there was no act of commission or omission on his part contributing to the accident. He sues for damages in the total amount of $3,776.99.
The defendants in their answer admit that the accident occurred at the time and place alleged, but deny all the other material allegations of the petition. They aver that Anatole Duet, without looking either north or south, proceeded to walk across the highway from the west side *264 thereof toward the east side and that he had crossed the center line and was proceeding straight into the path of the oncoming panel truck of defendant in the east half of said highway, at approximately 30 or 35 feet in front of said truck; that the defendant, Clifford Duet, thereupon executed a sharp left turn, blew his horn and applied his brakes to avoid running into the plaintiff; that plaintiff did not at any time look up or down the highway nor did he see the truck being driven by the defendant, Clifford Duet, until the application of the brakes, the blowing of the horn and the sharp turn of the wheels of the truck, whereupon he looked both down and up the highway and suddenly spun around back toward the center of the highway at which tim,e he jumped toward the west side of said highway and collided with the inside edge of the right front fender of the truck; that at the moment of impact, the plaintiff was facing a northerly or westerly direction, and was standing at a point approximately two feet east'from, the center line of said highway. The defendants aver that the sole cause of the accident was the gross negligence of plaintiff in the following respects:
(a) Entering upon a State highway upon which the speed limit is set at 60 miles per hour by law, without first looking in both directions to ascertain if there were vehicles approaching.
(b) Failing to excercise reasonable caution in walking across the said highway.
(c) Deliberately walking into the path of an oncoming truck driving on its own right hand side of the highway.
(d) Failure to take any action on his part to avoid said accident' but on the contrary negligently projecting himself into the path- of a truck which would not have hit him had he not thrown himself in its path.
The defendants further allege that they were free of negligence hut that' in the event that negligence on their part should be found, plaintiff should be found guilty of contributory negligence barring his recovery.
After trial of the case for written reasons assigned, the trial judge rendered judgment in favor of the defendants and against the plaintiff, rejecting the plaintiff’s demands and dismissing his suit at his cost. The plaintiff has appealed.
As pointed out by the trial judge, it is clearly shown by the evidence that the plaintiff started to walk across the highway without looking to his right and that he failed to look to the right until he heard the sound of the approaching truck, and, according to plaintiff’s own testimony, when he did hear that sound he again looked to the left before venturing a look to the right. It is fundamental that anyone venturing1 to cross a highway, especially a highway as heavily traveled as the one involved herein, should make certain that a crossing is safe before attempting to make it. There is no question that the plaintiff was guilty of negligence and that seems to be admitted by his counsel.
The next question to consider is whether or not Clifford Duet, the driver of the defendant’s truck, was guilty of negligence. The allegation that he was driving at an excessive rate of speed is not borne out by the testimony since it is clearly shown that he was driving at about 30 miles per hour. It is also shown by the evidence that the truck prior to the accident was being driven on its right side and that it was in good mechanical condition and under proper control. It is further shown by the evidence that the defendant driver of the truck and his companion, a Mr. Jambón, both saw plaintiff on the western shoulder of the highway at a distance of about 400 feet from the scene of the accident; that at that time he was standing two feet from the concrete slab and that he made no move to walk across the highway until they were within about 40 feet from him and that he thereupon proceeded to cross obviously without paying any attention to the oncoming truck and that upon seeing that he was going *265 to walk directly into the path of the truck, Clifford Duet applied his brakes, blew his horn and cut to his left in a sincere effort to avoid striking the plaintiff and that plaintiff thereupon stopped and was struck on the right leg. There is some dispute as to whether plaintiff was struck at a point. 1 foot west of the center line of the highway or 1 to 2 feet east of the center line. Plaintiff’s theory is that he was struck while on the west side of the center line and that had the defendant continued on the right side there would have been no accident. However, the preponderance of the evidence, as found by the trial judge, is to the effect that he was about 2 feet east of the center line when he was struck by the right fender of the truck and that if he had not suddenly stopped, the truck would have succeeded in dodging him.
The main question raised by these facts and the only theory by which plaintiff could recover is whether or not the defendant availed himself of the last clear chance of avoiding the accident. In that connection it is brought out by counsel on both sides that the average walking speed of a person is 6 feet per second and the average speed of an automobile traveling 30 miles per hour is 44 feet per second. Counsel for plaintiff shows that on these figures plaintiff must have taken a little over 2 seconds to reach the point of contact and that at that time the truck necessarily would have traveled about 88 feet. However, as brought out by the trial judge, it is difficult, if not impossible, for the driver of a motor vehicle to estimate the distance ahead that he has traveled, especially when meeting an emergency. It is clearly shown that the driver of the truck had only a fraction of a second within which to react and that the emergency was created by the plaintiff. It was shown to the satisfaction of the trial judge, and to ours, that the defendant driver did everything that could be expected of a prudent man in the circumstances that confronted him and, in the language of the Supreme Court, in the now celebrated case of Rottman v. Beverly, 183 La. 947, 165 So. 153, 156, 157, “of course, there can be no recovery against defendant if he used, due care in discovering the peril and after discovering it could not avoid the accident, as in such case there would be no negligence at all on the part of the defendant.”
The trial judge found that defendant was keeping a proper lookout and discovered the peril in which plaintiff was placing himself as soon as possible, and acted promptly and properly in the emergency created by plaintiff, making all possible efforts to avoid striking plaintiff. Finding no manifest error in that conclusion, the judgment is affirmed.