CAVANAUGH, Judge.
This is a suit by the plaintiffs, father and mother of the minor Larry Jusser, in his behalf to recover damages for personal injuries and other expenses incurred by them on account of said injuries suffered by said minor which occurred at the intersection of Highway 51 and Factory Street in the Town of Amite, Louisiana, on- December 12, 1950, when the minor was struck by defendants’ car; Highway 51 runs north and south and Factory Street runs east and west in the Town of Amite. On the day of the accident, defendant, Theodore Butler, was driving an automobile belonging to the community existing between him and Dolores Butler, travel-ling south on Highway 51,’ and -the -plaintiffs’ minor son was crossing the intersection of this highway at Factory Street going from the east side of Highway 51 to the west side. The accident happened in the afternoon, and plaintiffs’ son was on his way from school and was walking along the sidewalk on the east side of said street with some other children and engaged in conversation with other boys on the, opposite, or west side of the street. The traffic on Highway 51, ;an arterial highway, at this particular time of day, was heavy and after permitting several motor vehicles to pass going in both directions, plaintiffs’ minor son ran across the intersection and ■ when he reached the west lane of travel or passed the center line he was struck by defendants’ automobile which was proceeding south on said highway.
The plaintiff charges the defendant with negligence in that he was driving his automobile at an excessive rate of speed in violation of the municipal ordinance of the Town of Amite without regard for human life or safety and that it was on account of the excessive rate of speed at which the defendant was driving his automobile through the intersection of Highway 51 and Factory Street that caused the injuries to their son.
The defendants in answer deny any negligence on their part in the operation of' their automobile , and affirmatively allege the' negligence of plaintiffs’ minor son in that he ran from behind a truck travelling north or in the opposite direction from which défendant was travelling directly in the path of defendants’ automobile, and' that defendant could not see him until he was within two or three yards of where the impact took place. Alternatively, the-defendant' pleads - contributory negligence on the part o.f said minor in not ascertaining whether he could cross the street in safety in . front of on-coming traffic and" in running in front of defendants’ automobile without caution and without taking-any- precaution for his own safety.
After the case was tried and submitted to the Trial Court, hut before decision, plaintiffs obtained an. order to prosecute-the suit in forma pauperis. .
*407 Judgment was rendered in favor of defendants rejecting the plaintiffs’ demands at their cost.
From the judgment, the plaintiffs have appealed.
The only ground upon which the appellants seek a reversal of the judgment here is that the Trial Judge did not properly evaluate the testimony of the witness, Bond, who testified for plaintiffs, and the other evidence in the case tending to establish defendants’ negligence in operating his automobile at an excessive rate of speed on Highway 51 through the Town of Amite where school children would perhaps be crossing.
The case presents only questions of fact. We have carefully studied the testimony, along with the written reasons filed in the record by the Trial Court for its judgment. We approve its finding of fact and its analysis of the evidence. We quote approvingly:
“This is a suit by the parents of a minor child for injuries and damages resulting from an accident in which the child was struck by an automobile driven by the defendant, Theodore Butler.
“From all of the evidence the Court is of the opinion that the following are the facts involved: The accident happened during the afternoon of December 12, 1950, on Highway 51 in the Town of Amite City at a time when there were a considerable number of vehicles proceeding in both directions on said highway, which is a main artery or road through the town; the injured boy, age thirteen, was proceeding on foot with two or more other children along a street which intersects said Highway 51 and crossed said highway alone in order to reach another child or children on the opposite side; he had started to run before reaching the intersection, stopped at Highway 51 and allowed several vehicles to pass, and then ran across the highway; while so running he crossed half of the highway and the black line in the center thereof and entered into the lane of traffic on the opposite side of the road, which was the lane being travelled by the defendant driver, immediately in front of defendant’s car; defendant was unable to stop his car before striking the boy and he was struck by the car and rendered unconscious, being injured principally to the extent of a broken leg. There is testimony on behalf of the defendant to the effect that the boy crossed immediately behind a truck travelling in the opposite direction from the defendant which is a possible fact especially in view of what the Court considers the lack of any substantial or dependable testimony to the contrary.
“There was an exception of no cause of action filed on behalf of the defendant named Dolores Butler, who is the wife of the defendant driver and who was not present in the car or at the scene of the accident at the time it occurred. This exception is well founded and is maintained.
“The only allegation of proof as to negligence on the part of the defendant driver has to do with the speed of his automobile at the time that the accident occurred. The speed limit on this well travelled road, as established by town ordinance, is 25 miles per hour. All of the testimony relative to defendant’s speed is as follows: (1) Plaintiffs’ witness Rufus Bond testified that the defendant was travelling at a rate of 45 or 50 miles per hour. This testimony is disregarded entirely due to the fact that the Court is convinced that this witness was in no position to judge the speed of the automobile. After the case had been tried, and by agreement and on suggestion of counsel, the Court visited the scene of the accident and particularly the spot where the witness was standing at the time he saw the accident occur. There were present at this visit, in addition to the Court, counsel for plaintiff, counsel for defendant, and the witness Bond himself. From this actual view of the scene coupled with the witness’ testimony in which he says he followed the progress of the boy along the side street so closely the Court is convinced that there were too many obstructions between the approaching car and the witness and that the witness was too *408 far away to see the car sufficiently so as to form any reasonably accurate estimate of the car’s speed. (2) Plaintiffs’ witness Wilton Cox, who was fifteen years of age at the time the case was heard and therefore, presumably, thirteen or fourteen at the time of the accident, who testified that he was on the opposite side of the highway, that the boy who was injured allowed four or five cars to pass before he started across and that it seemed to him that the car driven by the defendant was speeding. In view of the fact among others that the Court does not know what this witness’ idea of speeding is, and in view of the fact that there is no elaboration by the witness on the point, this boy’s testimony can not be given any weight. (3) Plaintiffs’ witness J. J. Wallace, who testified on cross-examination that defendant’s car was travelling at the rate of 35 miles per hour, but who had previously testified on direct examination that he saw the car only at the time of the impact, that he did not know how fast the car was. trav-elling, and that he could not estimate the speed of the car. (4) The defendant driver himself who testified that he was driving at a rate of 25 or 30 miles per hour, and who admitted that he might have been going more than 25 miles per hour but that he does not know how much more. (5) The defendant’s witness Lillie M. Wilson, who testified that the defendant driver was not speeding and that she did not think he was going faster than speed limit which speed limit was known to her.
“In addition to the above testimony as to speed there was also some testimony relative to the distance the defendant’s car travelled after the impact. The defendant and his two witnesses testified that the car was stopped within 15 or 20 feet from the point of impact. Two of the plaintiffs’ witnesses testified as follows: J. J. Wallace testified that the defendant stopped about four car lengths after impact and Mrs. Beatrice Robertson testified that the distance was 20 feet or 25 feet. The Court feels that Wallace’s testimony as to four car lengths, which would be approximately 76 to 80 feet, is out of line with the other witnesses and that the actual distance 'from point of impact to point where the 'car came to a full stop was approximately 25 feet.
“Considering all of the testimony as to speed and the short distance of travel after impact, as above set forth, the Court is of the opinion that the defendant driver was travelling at a rate of speed either within the 25 mile per hour speed limit or in excess of said speed limit by not more than 5 to 10 miles per hour. In either case it is the Court’s opinion that the injured boy ran into the path of the defendant car without warning and so quickly and so close to the front of the car that the defendant driver had no opportunity to stop or to avoid the accident. This conclusion would be the same whether defendant was actually driving within the 25 mile per hour speed limit or was exceeding the same to the extent above set forth. Even if the defendant had been so exceeding the speed limit he would have been unable to stop or avoid the accident and such exceeding of the speed limit could not therefore be the proximate cause of the same.’'
We will add, however, that even if we should hold that defendants’ automobile was being driven at a greater speed than 25 miles per hour in violation of the ordinance of the Town of Amite, plaintiffs would be precluded from recovering herein on account of the contributory negligence of the minor because the evidence conclusively shows that plaintiffs’ minor son ran across the street when traffic was proceeding along said highway in both directions without first determining that his crossing could be made with safety and ran directly in front of the path of defendants’ on-coming car. Martin v. American Heating & Plumbing Co., La.App., 52 So.2d 93; Cox v. Gross, La.App., 47 So.2d 102; Rodriguez v. Abadie, La.App., 168 So. 515. He was thirteen years old, agile and took part in school athletics.
The plaintiffs having obtained an order after the trial of the case to prosecute it in forma pauperis, as well as to. *409 prosecute the appeal in this court without the payment of costs, the judgment will be amended to relieve the plaintiffs of payment of costs in the case.
.. For the reasons stated, the judgment of the District Court is amended to relieve the plaintiffs of the payment of costs, but otherwise it is affirmed.