REGAN, Judge.
Plaintiff, Markham Moore, Jr., initiated this suit against the defendants, Earl F. Moran, the owner and operator of a 1951 Lincoln automobile, and his liability insurer, Indemnity Insurance Company of North America, endeavoring to recover the sum of $12,486.33, representing damages for personal injuries and medical expenses incurred by him on July 23, 1951, at approximately 4:45 p.m. in Canal Street near Bar-onne Street, in the City of New Orleans, when he was struck by a Lincoln automobile as he attempted to cross from the uptown or south side of Canal Street to the neutral ground thereof.
Defendants answered and denied that Moran was guilty of any negligence and pleaded that the sole and approximate cause of the accident was the gross negligence of plaintiff and, in the alternative, pleaded his contributory negligence.
From a judgment dismissing plaintiff’s suit, he has prosecuted this appeal.
Plaintiff related that he was a passenger in a Tulane Avenue bus which stopped adjacent to the uptown Canal Street sidewalk approximately twenty-five to thirty feet removed from Baronne Street; when he alighted therefrom a drizzling rain was falling and it was his intention to board a Canal trolley car which operated in the neutral ground of Canal Street; in conformity with this intention, he walked around the front of the bus and waited until the semaphore traffic light, located in Canal and Baronne Streets, reflected a favorable signal; as he began to cross Canal Street he observed only one automobile approaching, which was then nearer University Place, in the center lane, and he had ample opportunity to cross in safety; however, when he was approximately two feet from the neutral ground the defendant swerved from behind this car and struck him with the left front bumper and headlight of his car, which resulted in the fracture of his left leg.
Defendant testified that he never observed the plaintiff until a moment before the accident. He was driving in Canal Street towards the river, close to the neutral ground when plaintiff darted across Canal Street and into the “nose” of the right front fender of his automobile.
Counsel for plaintiff contend that under the doctrine enunciated in Rottman v. Beverly, 183 La. 947, 165 So. 153 and extended in Jackson v. Cook, 189 La. 860, 181 So. 195, and fully discussed in the recent case of Moore v. Nola Cabs, Inc., La.App., 70 So.2d 404, decided by this Court on February 15, 1954, it is the duty of the driver of an automobile to observe a pedestrian who may have placed himself in a position of danger and even though that situation may have resulted from the negligence of the pedestrian, the automobile driver must avoid him if, by maintaining a diligent lookout, he could or should have seen him in time to avoid the accident. In relying on the foregoing doctrine counsel for plain *769 tiff has in effect, conceded his client’s negligence.
Defendants in opposition thereto, maintain that the sole and proximate cause of the accident was the negligence of the plaintiff in “jayrunning” across Canal Street and into the right front fender of defendant’s car at a point more than sixty feet removed from the. established pedestrian lane. Defendants further assert that Moran did not possess the last clear chance to avoid the accident since he was not afforded an opportunity to discover, despite maintaining a vigilant lookout, the pedestrian’s peril.
The only witnesses who observed the occurrence of the accident was Moran, the operator of the automobile and the injured plaintiff: Two traffic patrolmen, who were detailed in the immediate vicinity, testified both as to the situs of the accident and as to the sequence of events which transpired thereafter. However, their testimony is relatively insignificant in fixing fault for the accident.
The testimony of Moran and of the. plaintiff as to which side of Moran’s car struck the plaintiff is in irreconcilable conflict. However, the whole context of the record convinces us that Moran’s version thereof is the most credible and plausible. Our appreciation of the manner in which the accident occurred was that plaintiff alighted from the bus on the uptown sidewalk of Canal Street, approximately sixty to one hundred feet removed from the corner of Baronne Street, walked around the front thereof and, probably because of the inclement weather, imprudently proceeded to rapidly “jaywalk” or “jayrun” through congested traffic intending to safely reach the neutral ground; during the course of this hazardous venture he walked or ran into the “nose” of the right front fender of Moran’s automobile which was moving at a moderate rate of speed in the traffic lane adjacent to the neutral ground. Moran never possessed an opportunity to'observe plaintiff or his course of action until a split second before the accident.
We are of the opinion that the foregoing facts do not warrant the conclusion that Moran was either negligent or that he possessed the last clear chance of avoiding the accident. Plaintiff carried the burden of establishing fault on Moran’s part by a preponderance of the evidence. ¡Not only has he failed in this respect, but it is now perfectly clear to us after a careful analysis of the record that the injuries to plaintiff were caused solely by his gross negligence in obliviously “jaywalking” or “jay-running” across Canal Street and into the path of Moran’s car from a point of relative safety.
However, assuming arguendo, a view' most favorable to the plaintiff, 'that the accident occurred in conformity with his version thereof — we would likewise be forced to conclude that Moran was not at fault nor did he have the last clear chance to avoid the accident.
The lower court in dismissing plaintiff’s suit was obviously of the opinion that the proximate cause of the accident was the sudden movement of plaintiff from a point of safety into the path of Moran’s oncoming automobile at a moment when it was -too late, from the standpoint of time and distance for Moran to do anything effectively to circumvent the accident. We concur in this finding of fact.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.