GLADNEY, Judge.
The plaintiff, Eva Mae Hickman Jones, brought this suit in her own behalf as widow of Harry Jones and in behalf of her two year old child, to recover damages occasioned by the death of her husband on January 9, 1954, when struck by an automobile driven by the defendant, Charles D. Schule. The case was tried before a jury and resulted in a verdict in favor of the defendant, hence this appeal.
The accident occurred after dark, about 8:00 o’clock, while it was misty and at or near the intersection of Hollywood and Hearne Avenues. Hearne, a thoroughfare only 15 feet in width, enters without crossing Hollywood from the north. Hollywood, surfaced with black top, at that point is 27Yz feet wide. The only street illumination for the intersection is from a street light on the northwest corner. No buildings are close by. Near the intersection there is located a bus stop 40 feet west of Hearne Avenue on the south side of Hollywood Avenue and west of the bus stop is a “City Limits” sign. When the accident occurred, Jones, a pedestrian, was in the act of crossing from the north to the south side of Hollywood. When struck Jones was angling across the street and slightly east of ' the intersection. The defendant was driving east along Hollywood having overtaken and passed a bus west of Hearne Avenue as the bus was reducing its speed for the purpose of making the stop on the south side of Hollywood. Jones died almost instantly from crushing injuries.
Liability is sought to be imposed upon defendant for negligence alleged in many respects, to-wit: failing to have his car under control; driving without proper brakes; driving at an excessive rate of speed; in failing to maintain a proper lookout; in driving on the wrong side of the road; in passing a public conveyance in the act of stopping, and in passing a vehicle at an intersection. Plaintiff alleges also that after discovering the peril of Jones, Schule failed to apply his brakes and turn his vehicle to avoid striking the pedestrian. Finally, it is averred defendant was guilty of negligence in mishandling the body of Harry Jones.
Defendant denied these charges and pleaded Jones was guilty of certain acts of negligence which proximately caused his death: in dashing across the street directly in front of defendant’s automobile, in attempting to cross Hollywood at a point other than at an intersection, in failing to see the automobile as it approached him with its lights burning, in failing to maintain a proper lookout for his own safety, and in becoming intoxicated in such a manner that it deprived him of his faculties and made him unmindful of his own safety. In the alternative, contributory negligence is specially pleaded.
Four witnesses testified they saw the accident : Charles D. Schule and Mrs. Schule, Mrs. A. E. Sandefur, and G. E. Alexander, the driver of the Shreveport Railways Company bus. Alexander testified he did not see Harry Jones prior to his being struck by the automobile.
*574 Schuie, a painter by trade, testified that at the time of the accident he and his wife were traveling east on Hollywood Avenue en route to the home of Mrs. Schule’s sister on Southern Avenue and came upon the Shreveport Railways Company bus, proceeding in the same direction; that after following the bus for several blocks he passed it at about where the sign is located designating the city limits. He said he first observed Jones reflected in the lights of an automobile which was on the north side of the street, at which time Jones was only about three yards ahead of the automobile running and crossing the center of the street; that when struck Jones was a car’s length east of the intersection but on the south side of the center line of Hollywood; that the speed of his car at the time he struck Jones was no more than 25 mile's per hour; that he did not have time to apply his brakes but did turn his vehicle to the left in an effort to avoid striking Jones; and that he thereafter immediately pulled his car over to the right of the street so that traffic could pass. He further stated his car was in good mechanical condition and his headlights and brakes were functioning. He admitted under cross-examination he went to Jones’ body and pulled an arm out from under the body to feel of the pulse but did not turn the body over. Mrs. Schuie corroborated the testimony of her husband in all material aspects.
Mrs. A. E. Sandefur appeared as a witness for the plaintiff. She testified that she observed the accident from a point on the north side of Hollywood about 100 feet east of Hearne Avenue at which time she was driving her automobile in a westerly direction. She said she first saw Jones standing behind, and to the left of, an automobile headed west, which automobile was either in the intersection or slightly east thereof, and that Jones ran across the street directly in the path of Schule’s automobile. She further testified that she observed Schuie as he drove past the bus and estimated his speed at from 35 to 40 miles per hour.
Alexander related he paid no attention to the Schuie automobile until he saw the body of Jones “flying” over the side of the car. He testified the automobile was on its right side of the avenue and estimated its speed at approximately 25 miles per hour, saying that Schuie had no difficulty in stopping his automobile within 100 feet.
The testimony of the witnesses is in conflict only as to the exact point where the car struck Jones and the speed of defendant’s automobile. We find the point of impact was at a point slightly south of the center line of Hollywood Avenue about a car’s length east of Hearne Avenue. We are of the opinion the speed of Schule’s automobile is not shown to have been in excess of 25 miles per hour, the limit fixed by the ordinance of the City of Shreveport. The facts so stated are in harmony with the testimony of Mr. and Mrs. Schuie and G. E. Alexander. It is obvious from a reading of the testimony of Mrs. Sandefur that from her position she could give only a vague estimate as to the speed of the Ford automobile before and at the time of the collision.
Contending that Schuie required 100 feet in which to stop his automobile after its collision with the body of Jones, counsel say such fact is evidence of defendant’s failure to keep his automobile under proper control. Schuie testified when he first saw Jones he was but 9 feet away. After the impact he did not immediately apply his brakes which were in good condition but drove to the south curb of Hollywood about 50 feet away so as to place his vehicle out of the path of the approaching bus. Regardless of which of these distances represents the actual distance used by Schuie to stop, we do not think this indicates his vehicle was not under proper control prior to and at the time it struck Jones. There is nothing to show the brakes on the Ford were not in proper condition or that Schuie was driving improperly.
The next and perhaps the charge most seriously urged against defendant is that' he was driving in excess of the lawful *575 speed limit of 25 miles per hour, as fixed by the city ordinance. Reference is also had to LSA-R.S. 32:227, which provides that no one shall operate any vehicle on the state highways at other than a reasonable and proper speed under the circumstances. At the time of the accident visibility was poor. The night was dark, the surface of the street wet, and it was misty at the time. Despite these conditions, the evidence does not show Schule was driving excessively or at a greater speed than 25 miles per hour.
A further averment is that Schule wás negligent in failing to keep a proper lookout as evidenced by his failure to observe Jones sooner than he did. ■ Neither Schule nor his wife saw Jones until he was 9 feet away, at which time Jones was running directly into the path of their automobile. This testimony is substantiated by that of Mrs. Sandefur. Counsel contend Mrs. Sandefur saw Jones on the north side of Hollywood when she was 100 feet from him and Schule should have seen Jones sooner. Mrs. Sandefur, being on the north side of Hollywood, was in a better position to see Jones before it was possible for Schule to do so. We think this true for Jones was on the north side of Hollywood while Schule was traveling east on the south side of the street. We must take into consideration the prevailing weather conditions and undisputed testimony that Jones, a Negro, was wearing dark clothes. It cannot reasonably be concluded the defendant was negligent in not seeing the deceased before he did.
One of the implications of negligence urged is that defendant passed the bus at or near the intersection of Hearne and Hollywood Avenues. The evidence, we think, does not support this allegation. It is true that LSA-R.S. 32:233, subd. E prohibits a driver under any circumstances from overtaking or passing another vehicle proceeding in the same direction at or near an intersection, but the evidence presented herein does not show the passing was “at or- near” the crossing. Schule passed, the bus as it was slowing down to make a stop at a point some 40 feet west of Hearne Avenue. The defendant not only had .passed the bus before reaching the intersection but had crossed the intersection when he first observed the deceased in front of his vehicle.
The charge is made that Schule was driving on the wrong or north side of Hollywood Avenue. This statement is not made out by proof. All of the witnesses testified Schule was on the right or south side of Hollywood Avenue prior to striking the deceased. Mr. and Mrs. Schule said in order to avoid striking the deceased, Schule turned his car slightly to the left.
Appellant relies to some extent upon the doctrine of last clear chance. Clearly, however, this doctrine can have no application in the instant case for the record conclusively demonstrates the absence of opportunity in the exercise of which Schule might have avoided the accident after he discovered or should have discovered the peril of Harry Jones..
After full consideration of the charges relating to defendant’s negligence we find that none is proven or adequately supported by evidence. It is our conclusion Schule was not at fault but the unfortunate death of Harry Jones was the direct result of his negligence in dashing directly into the path of defendant's automobile in utter disregard of his own safety. He would have observed the lights and the proximity of the Schule car had he been keeping a proper lookout and mindful of his Own safety.
Our findings fully support the verdict of the jury which was in favor of defendant and are supported by the following authorities: Moore v. Moran, La.App., Orleans Circuit, 1954, 74 So.2d 767; Husser v. Butler, La.App., First Circuit, 1954, 71 So.2d 405; Martin v. American Heating & Plumbing Company, La.App., Orleans Circuit, 1951, 52 So.2d 93; Cox v. Gross, La.App., First Circuit, 1950, 47 So.2d 102; and Rodriguez v. Abadie, La.App., Orleans Circuit, 1936, 168 So. 515.
*576 The record does not disclose manifest error in the rulings of the trial judge and the verdict of the jury. The judgment from which appealed is affirmed.