TATE, Judge.
This is a suit by a pedestrian to recover for his personal injuries when he was struck by a pickup truck. Made defendant is the *170 liability insurer of the driver of the vehicle. The plaintiff appeals from dismissal of his suit.
The accident occurred on a rural blacktopped highway. It happened on a clear July afternoon. The plaintiff pedestrian was struck near the center of the highway.
Immediately prior to the accident, the plaintiff had alighted from a large east-hound butane truck, which had stopped to let him off. He had then gone around the rear of the truck in order to cross the road from south to north. At the same time, the defendant’s westbound pickup truck was approaching in the other (north) lane of the highway, from a direction opposite to that of the butane truck.
The trial court essentially accepted the testimony of the defendant’s driver, as corroborated by another witness, to the effect that the plaintiff pedestrian came out from behind the back end of the butane truck, running across the rostd, at a time when the defendant’s pickup truck was so close to him that the defendant’s driver was unable to avoid striking the plaintiff, even though the driver immediately applied his brakes full force.
The defendant’s driver at the time had been -appr'oaching' at a speed within' the legal limit of 60 mph. Under the defendant’s version, all of the pickup.truck’s skid-marks were on its own side of the highway.
The defendant’s testimony is to some extent corroborated by the driver of the butane truck from which the plaintiff had just alighted, who testified for the plaintiff. According to this witness, the oncoming pickup truck was just 40-50 yards away at the time the plaintiff got out of the butane truck, immediately following which the butane driver pulled out into the road. The two trucks crossed one another after the butane truck proceeded one to two lengths (28-56 feet). Considering that the plaintiff had to run back the length (28 feet) of the butane truck (although it was moving slowly) and had then to go around it to get across the highway — all the time hidden from the oncoming defendant driver’s view — , the plaintiff obviously ran out across the roadway suddenly and into the view of the defendant’s driver at a time when the latter was so close to the plaintiff that the accident was unavoidable by the exercise of reasonable care on the driver’s part.
We find no error in the trial court’s finding that, under these circumstances, the sole proximate cause of the accident was the plaintiff’s imprudent attempt to cross the highway into the path of the defendant’s driver; and the latter did not have the last clear chance to avoid the accident, nor could he have avoided it by the exercise of reasonable care. Fontenot v. Travelers Indemnity Co., La.App., 3 Cir., 134 So.2d 330.
In seeking reversal, able counsel for appellant relies upon the plaintiff’s version of the accident, which the trial court rejected. According to this, the plaintiff commenced his crossing when the pickup truck was a greater distance away and was approaching at excessive speed, and the plaintiff had merely walked to the center of the highway and had not provoked the emergency application of the motorist’s brakes by any imprudent approach towards or into the motorist’s lane. The trial court, however, accepted instead the defendant driver’s opposing version of the accident.
The trier of fact’s determinations as to the credibility of witnesses will not be disturbed on appellate review in the absence of manifest error. Savage v. Haynes, La. App., 3 Cir., 146 So.2d 285. We find none here.
For the foregoing reasons, the judgment of the trial court dismissing the plaintiff’s suit at his cost is affirmed.'
Affirmed.