SAMUEL, Judge.
These two suits arise out of one accident and were consolidated for trial in the district court and for argument here. The first No. 1,382 of our docket, was filed by Dr. Franklin C. Cox against Jerry B. Murray and his liability insurer, Marquette Casualty Company and Joe Barshop Distributing Company and its insurer, Trinity Universal Insurance Company, for personal injuries received when he was struck by a car belonging to and driven by Murray. The second, No. 1,381 of our docket, was filed by Murray against Dr. Cox, Barshop and Trinity for damages to the Murray automobile. All defendants in both suits answered denying negligence on their part and alternatively pleading contributory negligence on the part of the respective plaintiffs.
The trial court found that the negligence of Dr. Cox was the sole proximate cause of the accident. It dismissed his suit (No. 1,382) and awarded judgment in the other suit (No. 1,381) in favor of Murray and against Dr. Cox for damages to the Murray vehicle, dismissing Murray’s demands against Barshop and Trinity. Dr. Cox has appealed from both judgments.
Six witnesses testified to the manner in which the accident happened. They were: Dr. Cox and his passenger, Dr. William E. Arthur, Jr., witnesses for Cox; Jesse Mesa, driver of the Barshop vehicle, and Jose Flores, his helper, witnesses for Barshop and Trinity; and Murray and John Boyd, a filling station attendant, witnesses for Murray and Marquette. The testimony of Drs. Cox and Arthur is sharply in conflict with the testimony of the other witnesses in many material respects. However, with one exception, i. e., a finding that the Barshop vehicle was parked entirely on the road shoulder at the time the accident happened, we agree with the facts which must have been found by the trial court. From our consideration of all the pertinent testimony adduced during the trial, we find the following :
The accident occurred on the Airline Highway above New Orleans in the Parish of St. Charles at about 3.00 a. m. on February 14, 1960. There had been rain and snow prior to that time and slush was still on the highway. The temperature was about 25 degrees. The highway consisted of four paved lanes, two for traffic traveling towards New Orleans and two for traffic traveling in the opposite direction towards Baton Rouge. The two sets of lanes were separated by a neutral ground and there was a shoulder on both sides of the highway.
Dr. Cox and Dr. Arthur, residents of Texas, had come to Baton Rouge on February 13 to investigate a business venture. Later that day they drove to New Orleans, *525 had dinner and visited the night spots in the French Quarter. At about 1:30 a. m. on February 14 they left New Orleans in an automobile owned and driven by Dr. Cox to return to Baton Rouge. They had done some drinking at the night clubs and had a bottle with them in the car.
A short distance above Moisant Airport Dr. Cox decided to turn into a service station on the opposite side of the highway. He attempted to cross the neutral ground in an area which was not designed for traffic but apparently had been used by other vehicles as a crossover. The rear wheels of his car- stuck in the mud of the neutral ground and the car could not be moved. The front end extended into the New Orleans bound portion of the highway and the rear of the car extended approximately three feet into the lane, next to the neutral ground, which was reserved for traffic traveling towards Baton Rouge. The two doctors attempted to get help from the service station attendant but were unsuccessful.
At this time the Barshop vehicle, a truck tractor without a trailer, which was being drived by Barshop’s employee, Mesa, arrived on the scene. Mesa was in the process of driving from San Antonio to New Orleans. He decided to stop at a motel which he had passed and which was on the opposite side of the highway. He slowed his speed to between 5 and 10 miles per hour and, at a point about 30 or 35 feet on the Baton Rouge side of the stalled Cox car, proceeded to his left to cross the neutral ground, make a U turn and go back to the motel. Flores, Mesa’s helper, saw Dr. Cox standing in the neutral ground by his automobile waving and he, Flores, told Mesa someone wanted help. In making his turn Mesa had seen the headlights of the automobile driven by Murray one-half mile or more away and approaching from the direction of New Orleans.
While the truck was moving very slowly Dr. Cox ran from his position on the neutral ground into the Baton Rouge bound lanes of the highway behind the truck and then to the driver’s side thereof. He walked beside the truck as it was still moving and until the truck reached a position facing in the direction of Baton Rouge completely off the highway and on the shoulder except for approximately 2i/£ feet of its left rear which remained on the highway. Mesa had rolled his window down and he asked Dr. Cox if he wanted to be pulled out. The doctor replied that he would appreciate it. At that time Dr. Cox was less than a foot away from the cab of the truck which continued to move very slowly. Dr. Cox then turned and proceeded to walk fast or run at an angle to his car 70 or 75 feet away in the neutral ground. He had taken several steps when he was struck by the Murray car at about the center stripe between the two Baton Rouge bound lanes. He was very seriously injured.
Murray was traveling at a speed of between 50 and 60 miles per hour, within the speed limit, when he saw the stalled Cox vehicle, which he testified he thought was making a left turn across the neutral ground, more than 300 feet away. He also saw the truck and its tail lights. He slowed his speed to about 50 miles per hour, passed the stalled vehicle and then saw Dr. Cox for the first time when the latter walked or ran in front of his car. He immediately veered to his left and applied his brakes. The right rear of his car skidded into the left rear of the truck and the front center of the car struck Dr. Cox.
Dr. Cox contends that Barshop and its insurer are liable as a result of: (1) Mesa’s failure to warn him of the approaching Murray car; (2) violations by Mesa of certain traffic regulations; and (3) alternatively, last clear chance. He contends that Murray and his insurer are liable because of Murray’s negligence, and alternatively, as a result of the application of the doctrine of last clear chance.
In connection with these contentions counsel for Dr. Cox relies upon a version of the accident which the trial court has rejected, as we do. The facts, as found *526 by the trial court and by this court, require a rejection of the contentions. We are convinced, as was the trial court, that the sole proximate cause of the accident was the negligence of Dr. Cox. He left a safe position very close to the left side of the truck, where he could not be seen by the approaching Murray because of the angle of the truck with its front on the shoulder and the portion of its left rear on the highway, and darted into the path of the Murray vehicle at a time when it was much too late, from a standpoint of time and distance, for Murray to do anything effectively to avoid the accident. See Reeves v. Southern Farm Bureau Casualty Ins. Co., La.App., 163 So. 2d 169; Fontenot v. Travelers Indemnity Company, La.App., 134 So.2d 330; Deason v. Greyhound Corporation, La.App., 106 So. 2d 348; Montgomery v. Louisiana Power & Light Company, La.App., 84 So.2d 268; Jones v. Schule, La.App., 81 So.2d 572; Duet v. Terrebonne, La.App., 52 So.2d 263.
In addition to the fact that we know of no legal duty on Mesa’s part to warn Dr. Cox of the approaching Murray automobile (see Deason v. Greyhound Corporation, supra), there was no time to give such a warning. This is true even though Mesa knew that the Murray car was approaching. For Dr. Cox unexpectedly and abruptly ended his conversation with Mesa and proceeded to cross the highway.
The traffic regulations which Dr. Cox contends Mesa violated are LSA-R.S. 32:235(A), 32:241 and 32:294 (prior to amendment and reenactment by Act 310 of 1962). LSA-R.S. 32:235(A) provides that, before turning around upon any highway, the driver of a vehicle shall ascertain that there is no traffic approaching from either direction which will be unduly delayed by such turning and shall not attempt the same unless the way is clear. Plere the approaching Murray car was not delayed by the truck and the way was clear to make the turn as evidenced by the fact that, even though the turn was made slowly, Murray could have easily passed the truck, without delay, in the absence of Dr. Cox’s action of running into the path of his car. LSA-R.S. 32:241 prohibits the parking of a vehicle upon the main traveled portion of a highway when it is practicable to park it off the same. Here, within the meaning of the statute, the truck was not “parked” upon the highway (see McGehee v. Stevens, La.App., 15 So.2d 897; Lacour v. Continental Southern Lines, Inc., La.App., 124 So.2d 588), nor was the position of the truck a proximate or cause-in-fact of the accident. LSA-R.S. 32:294 provides that every motor vehicle, with certain exceptions, having a width exceeding 70 inches and a length exceeding 15 feet shall carry specified clearance lamps on its left side. The Barshop truck was not a tractor trailer; it had no trailer. The record contains no proof whatsoever of the truck’s length and from the photographs in evidence it does not appear that it was sufficiently long as to make this statute applicable.
 In order for the doctrine of last clear chance to be applicable the person against whom the doctrine is invoked must have actually discovered, or have been in a position where he could and should have discovered, the other person’s peril in sufficient time to avoid the accident with the exercise of reasonable care. Scott v. Glazer, La.App., 164 So.2d 185; Reeves v. Southern Farm Bureau Casualty Ins. Co., supra. Here, as we have already shown, Murray did not see, and could not have seen, Dr. Cox in time to avoid the accident. And last clear chance quite clearly is inapplicable to the Barshop vehicle.
For the reasons assigned, the judgments appealed from are affirmed.
Affirmed.