CULPEPPER, Judge.
This is a suit for damages for personal injuries to plaintiff, a pedestrian, who was struck by an automobile driven by defendant’s insured, James LeRoy McAdams. The district judge awarded plaintiff $9,344.55. Defendant appealed.
The issues on appeal are (1) whether the defendant driver was guilty of any negligence and (2) whether plaintiff’s recovery is barred by his own contributory negligence.
The accident occurred about 9:00 p. m. on December 10, 1962, in the town of Basile, Louisiana. Plaintiff had caught a ride home with Mr. Allie Langley in his pickup truck. Langley stopped his truck, headed south, on the shoulder on the west side of South Louis Street, a blacktopped thoroughfare which runs north and south. The truck was a short distance north of plaintiff’s home, which is on the east side of the street.. Plaintiff got out and, as the truck drove off slowly, he started across the street towards his home. While crossing the blacktop, plaintiff was struck by the defendant McAdams, who was driving north on South Louis Street. His right leg was broken above the knee and he received .a fractured rib and certain other injuries.
Plaintiff’s version of the accident is that he was near the west edge of the pavement and walking in a southerly direction toward his home. The headlights of defendant’s approaching vehicle blinded him and he had his head down. He heard defendant apply his brakes and raised his head. He was struck near the west edge of the blacktop by McAdams, who had veered into the wrong lane of traffic. Plaintiff says he was knocked into the ditch along the west side of the street and that he got up and moved somehow to the center of the road.
McAdams testified he was going north on South Louis Street at a speed of 15 to 20 MPH. He saw the lights of the pickup truck on the west side of the street. As he reached the truck, it started off toward the south and he suddenly saw the plaintiff, 10 or 15 feet ahead, coming from behind the truck. Plaintiff was running as if “trying to beat me across the road.” McAdams says he immediately applied his brakes and tried to swerve to the right, but struck plaintiff at a point near the center of the street. The left front headlight came in contact with plaintiff’s body. McAdams testified he did not at any time leave his own lane of traffic. After the accident, plaintiff’s body was found a few feet in front of his car and across the center of the street.
McAdams’ version of the accident is corroborated by Mr. Langley, the only other eyewitness. Langley testified that as he started off, after letting plaintiff out, he heard the brakes of the McAdams automobile and looked in his rear view mirror. Langley saw the brake lights were on and *456 the car skidded and swayed a “little bit on the side.” When the car stopped, he saw plaintiff on the pavement, a few feet in front of the headlights of the McAdams vehicle. Langley stopped only IS to 20 yards past the point where he had let plaintiff out. He ran back and found plaintiff lying “about on' the middle of the blacktop” with his shoulders in the south bound lane and most of his body in the north bound lane.
We think the trial judge correctly rejected plaintiff’s story that he was walking along the west edge of the pavement and was struck there and knocked in the ditch. The testimony of McAdams, as corroborated by Langley, together with the physical fact that plaintiff’s body fell in the center of the street, clearly proves the accident could not have occurred as plaintiff described it.
However, we think the trial judge was manifestly erroneous in finding as a fact that McAdams veered into the wrong lane of traffic and struck plaintiff before plaintiff reached the center of the street. In his written opinion, the trial judge stated:
“There were no eye witnesses to the accident except Mr. Langley who saw it happen from his rear view mirror. He verified the fact that the plaintiff was not over the center line when he was hit. In other words, he stated that he was hit as he arrived in the middle of the street.”
We have carefully scrutinized the testimony of Mr. Langley and do not find any express statement or implication that McAdams ever left his side of the road. For instance, Langley stated “but when he did stop the man’s car was still straight on the road, right hand side of the road.” Langley also said that, as McAdams braked, the back end of his car appeared to sway to the right with the front end “toward the middle of the road, more or less.” We think a reading of Langley’s testimony as a whole shows clearly that he thought Mc-Adams stayed on his right hand side of the street.
Under the facts as we find them, no negligence is attributable to Mr. McAdams. He was proceeding at a reasonable speed, estimated by McAdams at IS to 20 MPH and by Langley at 20 to 25 MPH. He was keeping a proper lookout. He saw plaintiff almost as soon as. the Langley truck pulled off and plaintiff hurried from the back of the truck to cross the street. McAdams immediately applied his brakes and stopped within a few feet, but was unable to avoid striking Vidrine.
This case is very similar to Reeves v. Southern Farm Bureau Casualty Insurance Co., 163 So.2d 169 (La.App. 3rd Cir. 1964) where a pedestrian came out from behind a parked truck and attempted to run across the road, when defendant’s approaching vehicle was too close to avoid striking him. We held the defendant’s driver was free of negligence, that the sole cause of the accident was plaintiff’s imprudent attempt to cross the highway in the path of defendant’s driver, and that the driver did not have a last clear chance to avoid the accident.
Having reached the conclusion that defendant motorist was free of negligence, it is unnecessary for us to consider the special defense of contributory negligence on the part of plaintiff.
For the reasons assigned, the judgment appealed is reversed and set aside. It is now ordered, adjudged and decreed that there be judgment herein in favor of defendants, State Farm Mutual Automobile Insurance Company and James LeRoy McAdams, and against the plaintiff, Fluey Vidrine, rejecting plaintiff’s demands at his costs. All costs of this appeal are assessed against plaintiff appellee.
Reversed and rendered.
On Application for Rehearing.
En Banc. Rehearing denied.