NICHOLAS CAMARATA, INC., v. COOK

(May 11, 1931. Opinion and Decree.).
(June 8, 1931. Rehearing Refused.)

Walter M. Barnett, Jr., of New Orleans, attorney for plaintiff, appellee.

Spearing, McConnell & McClendon, of New Orleans, attorneys for defendant, appellant.

JANVIER, J. The intersectional automobile accident which brings about this litigation occurred at the corner of Dumaine and North Galvez streets shortly after 2 o'clock in the afternoon.

The contestants were a small Chevrolet coach operated by defendant and a large White truck owned by plaintiff and operated by one of its employees.

In spite of the greater size of the truck, it emerged from the encounter in a much damaged condition, and its owner now seeks to hold defendant responsible because of the alleged speed at which he drove his Chevrolet coach as it entered the intersection and because he failed to comply with the city traffic ordinance, No. 7490 C. C. S., under article 1, section 1, of which the truck was entitled to the right of way, since it was proceeding on a street on which was located a street railway track.

It is also charged that, after the danger of a collision became obvious, defendant could still have avoided crashing into the truck had he swerved his automobile to the left and passed around the rear of the truck, but that, instead of doing so, he turned to his right, and thus rendered certain a collision which, up to that time, had been only imminent.

Defendant admits that he was guilty of a technical violation of the ordinance, in that he failed to bring his car to a full stop before attempting to cross the other street, on which was a street car track, but he contends that this violation was of little, if any, importance, and that the proximate cause of the accident was the negligence of the plaintiff's chauffeur in driving the truck, heavily loaded and carrying great momentum, at a speed too great to permit of its being stopped within a reasonable distance.

Defendant also charges that the collision between the two motor vehicles caused no serious injury to either, and that practically the entire damage to the truck was sustained when its driver, in attempting to avoid coming into contact with the Chevrolet, turned it to the left into a large telephone or electric light pole standing on the corner.

The trial court rendered judgment for plaintiff for $250. Petitioner had prayed for a judgment of $282.17, and it is now

contended, in answer to the appeal, that the amount of the judgment should have been $272.17 instead of $250. This contention we will discuss later.

That defendant was guilty of a technical violation of the ordinance is conceded, and that that violation had causal connection with the accident we are convinced, since it is very evident that, had he stopped and looked, as he should have done, he would have seen the truck, at that time only a short distance from him and approaching on a legally favored street. It is true that we said in Simpson v. Pardue et al., 15 La. App. 341, 131 So. 854, 855, that in such a situation the driver of an automobile attempting to cross a right of way street "was not required to wait before attempting to cross until there was no vehicle in sight on the favored or right of way street, and it was only necessary that it should appear that there was a reasonably safe opportunity to proceed." Here, however, it appears that a reasonably prudent driver would not have deemed it safe to attempt to negotiate the crossing under the circumstances.

Nor do we feel that the truck driver was contributorily negligent, and our view in this regard is largely formed as a result of the testimony given by the only disinterested witness, a Mr. Coignet, who voluntarily came forward and offered to assist the negro driver when he was charged by defendant with being at fault. According to this witness, the speed of the truck was moderate, and its chauffeur sounded his horn before he reached the intersection, whereas the Chevrolet, without warning of its approach and without stopping, came into the intersection so close to the truck that the collision could not be avoided.

That the major part of the damage resulted from the collision with the post instead of from the contact which took place between the two vehicles is of no importance, since, in turning the truck into the post, the driver thereof acted in an emergency, which was neither caused nor contributed to by himself. Buckner v. Powers, 12 La. App. 630, 125 So. 744; Kennedy v. Opdenweyer, 11 La. App. 532, 121 So. 636, 123 So. 906.

Defendant complains that the amount of the judgment is excessive, whereas plaintiff contends that it should be increased. Defendant's contention is based on the fact that, instead of repairing the damaged truck, plaintiff found it advisable to purchase another second-hand chassis and to transfer the body from the damaged truck to that part which was newly purchased. The evidence shows that to repair the damaged truck would have cost more than to purchase the other. Plaintiff, then, in purchasing the other, did what was proper to minimize the damage. On the other hand, we see no reason for the refusal of the trial judge to award to plaintiff judgment for the full amount of the loss which it sustained. The evidence shows that an allowance of $10 would have been proper as the value of the wheels of the old chassis which were used on the newly purchased one, and we do not see that this allowance has been made. We therefore believe that, except for the credit of $10, which is shown to be the value of these wheels, plaintiff's claim has been proven in accordance with its petition.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be, and it is, amended by increasing the amount thereof to $272.17, with interest from judicial demand; defendant to pay all costs.