**UNITED THEATRES, Inc., v. ROCHEFORT.**

No. 16475.

Court of Appeal of Louisiana. Orleans.

Dec. 14, 1936.

On Motion to Amend Decree Jan. 11, 1937.

Rosen, Kammer, Wolff & Farrar and Dufour Bayle, all of New Orleans, for appellant.

Deutsch & Kerrigan & Burke and Lehman K. Preis, all of New Orleans, for appellee.

WESTERFIELD, Judge.

This suit results from a collision between a motortruck belonging to the plaintiff and an automobile owned and, at the time of the accident, driven by the defendant. The accident occurred at the intersection of Carrollton avenue and Bienville street. The plaintiff claims the sum of $128.95 as damages, of which amount $95 represents the damage to its truck and $33.95 the replacement cost of seven theatre seats which were being transported by the truck at the time of the accident. The plaintiff charges the defendant with negligence in the following particulars, excessive speed, failure to keep his car under control or to maintain a proper lookout, and failure to stop before entering the intersection of Carrollton avenue, a right of way street, all in violation of traffic ordinance No. 13702 C.C.S. The defendant reconvened claiming $4,538 as damages said to be due to physical injuries sustained as a result of the collision, and charged the driver of plaintiff's truck with negligence in that he was driving too fast and entered the intersection after the defendant's car had almost completed the crossing and because of his failure to keep a proper lookout. He also pleaded in the alternative that the driver of plaintiff's truck was guilty of contributory negligence for the same reasons. A few days before the case was tried in the lower court the reconventional demand of defendant was dismissed on his own motion and the case tried upon the petition and answer, the issue being thus limited to the right of plaintiff to recover.

There was judgment below in favor of defendant dismissing plaintiff's suit and it has appealed.

The accident occurred on the 14th day of March, 1935, at 2 p. m. Plaintiff's truck, which was proceeding along Carrollton Avenue from the direction of Canal street and towards City Park, collided with defendant's automobile which had entered the intersection from Bienville street, at a point near the City Park property line of the intersection. In other words, it had almost completed the crossing. It is conceded that Carrollton avenue, which is a wide thor-

oughfare divided by a neutral ground, is a through or right of way street, having precedence over Bienville street which is also very wide.

Considering first the charges of negligence imputed to defendant, we find that seven witnesses testified in the case, five of whom appeared on behalf of the plaintiff and two for defendant. There were three of these witnesses riding on plaintiff's truck at the time, the driver, Archibald Breaux, and two colored helpers, Manuel and Brown. These witnesses testified in substantial agreement and to the effect that as the truck neared the intersection of Bienville street, it slowed down, the driver blew his horn, looked out Bienville street, and proceeded almost across the Bienville street intersection when it was struck by defendant's automobile which was being driven at a rapid-pace and which failed to stop before entering the intersection.

J. G. Zibilich, an officer of the plaintiff corporation who happened to be in the vicinity, did not see the accident but heard the crash. His testimony, however, is of no particular importance.

Calvin H. Willis, a bystander, apparently entirely disinterested, whose testimony was taken, de bene esse, corroborated the three occupants of plaintiff's truck. He testified that the defendant's car was being driven very rapidly (he estimates the speed at 50 miles per hour) at the time of the collision, and that it entered the intersection when the truck had almost completed the crossing. He puts the speed of the truck between 20 and 25 miles per hour.

Anthony Rumore testifying on behalf of the defendant did not see the accident, but heard the crash, looked around and saw the truck as it turned over and fell on its right side.

Defendant testified that at the time of the accident he was on his way to West End and traveling not faster than 30 miles per hour and that as he approached the intersection he came to a "dead stop" and "saw this big truck way up the street three-quarters of a block from where I stopped" and believing it was safe to proceed entered the roadway when "suddenly just like lightning this truck struck me on the door and put me out."

■ The evidence very clearly preponderates in plaintiff's favor. Moreover, defendant's version of the accident cannot be correct. If he stopped as the traffic ordinance required him to do, and as he claims he did, before entering the intersection of Carrollton avenue, and the plaintiff's truck, at that time, was three-quarters of a city block away (the ordinary city block being 300 feet), as he says it was, he should have crossed the roadway some time before the truck reached the intersection, the roadway being only 20 feet according to the evidence. If he had stopped within 20 feet of the point of collision, he could not have struck the truck as violently as the record indicates for it was turned over while his car, somewhat deflected by the impact, continued on its course coming to a stop on the neutral ground. It is, therefore, apparent that he could not have entered the intersection before the truck. He must have driven rapidly and heedlessly across the roadway without stopping. We believe the accident to be due to his negligence.

■ As to the plea of contributory negligence, it is not sustained by the evidence. The driver of plaintiff's truck, who had the right of way, testified that he saw the defendant's automobile as it neared the intersection, being, he estimates, about 30 feet away, and that he continued across, having already entered the intersection, in the belief that the defendant would stop his car as he was required to do by the city ordinance. We think he was justified in this belief and that he was without fault in connection with the accident. Nicholas Camarata, Inc., v. Cook, 17 La.App. 145, 134 So. 415; Ory v. Bosio et al. (La.App.) 159 So. 138.

There is no dispute as to the question of quantum.

For the reasons assigned, the judgment appealed from is reversed and it is now ordered that there be judgment herein in favor of the plaintiff, United Theatres, Inc., and against the defendant, Frank Rochefort, in the full sum of $128.95 with legal interest from judicial demand until paid.

Reversed.

### On Motion to Amend Decree.

PER CURIAM.

Our attention is called to the fact that in our original decree in this case we failed to award the costs.

It is, therefore, ordered that our decree be amended so as to tax the costs of both courts against defendant-appellee.

Decree amended.