McBRIDE, Judge.
Mrs. Camille Hopkins Purcell, one of the defendants, appealed from the judgment by default taken against her, George F. Purcell, and Sonny Purcell, which judgment is the subject of discussion in the case of Purcell v. Stewart, La.App., 131 So.2d 905 (consolidated herewith). The only error appellant assigns is that the preliminary default which led up to the judgment was illegal not having been taken by motion in open court.
The then prevailing Code of Practice provided:
Art. 310. “Defendant failing to appear. — If the defendant do not appear either in person or by his advocate after the delay provided by law, the plaintiff may take a judgment by default against him.
Art. 311. “Motion for and entry of default. — Such judgment may be obtained by moving for it in court, but it consists merely in a statement on the records of the court, showing that the defendant has failed to appear.”
Mr. Cooper, attorney for the plaintiff, on the morning the default was entered, went to see Judge Hall in his office, adjacent to the courtroom, in order to ascertain if he would permit a confirmation of a default in the case on the following Friday which was a “rule day” on which confirmation of defaults ordinarily may not be entertained without specific sanction by the judge. Judge Hall then went into the courtroom proper to consult his docket in order to determine the number of rules fixed for trial on Friday, after which the judge consented to the default judgment being confirmed on Friday. Mr. Cooper states he then requested Judge Hall to enter a preliminary default in the matter and that the judge replied that the preliminary default was granted and directed the attorney to hand the record in the case to the minute clerk who was there present so that proper minute entry could be made. The whole of these proceedings took place in open court.
Under our interpretation of C.P. art. 311 we think the procedure taken to effect the preliminary default conformed to the requisites of law. The Code of Practice does not require that it is essential that: there be a formal motion for the preliminary judgment. The appearance by the attorney in open court and a request for the entry of a default in the case is all that the law exacts. This case can be likened to Aycock v. Miller, La.App., 18 So.2d 335. There, as here, the preliminary default was under attack. Under a rule of court blank forms were provided for the use of attorneys in taking preliminary defaults headed:
“Minute Clerk Please Tender for
Default -
Confirmation of Default-
Dismissal---
* # ‡ ifcti
*909 The attorney inserted the necessary information in the appropriate blank space and signed the slip, and on the following day the document was read out in open court by the minute clerk and “preliminary default” was entered on the minutes. It does not appear whether counsel for plaintiff was present. The entry of the default was sustained and we think properly so.
For the reasons assigned, the judgment appealed from is correct.
Affirmed.