169 So.2d 713 (1964)
Ray WELCH
v.
Gleen Paul WELCH, Sr., et al.
No. 1590.
Court of Appeal of Louisiana, Fourth Circuit.
December 7, 1964.
*714 James E. Courtin, New Orleans, for plaintiff-appellant.
Drury & Lozes, Felicien P. Lozes, New Orleans, for defendants-appellees.
Before McBRIDE, SAMUEL and TURNER, JJ.
SAMUEL, Judge.
This is a suit for personal injuries suffered by plaintiff as a result of a collision between two vehicles. Named defendants are the driver of the car in which plaintiff was a passenger, that driver's liability insurer, and the owner-driver of a truck which was the other vehicle involved in the accident. In due course the first two mentioned defendants answered. The driver of the truck has neither answered nor made any appearance in the trial court or in this court. The case was consolidated for trial with a suit by the defendant automobile driver's subrogated insurer against the defendant truck driver for damages to the automobile incurred in the same collision which forms the basis of this suit. The plaintiff insurer in the second suit had previously taken a preliminary default against the truck driver. After a trial on the merits there was judgment in this suit in favor of all defendants and against plaintiff, dismissing his suit. Judgment was also rendered in the consolidated suit in favor of the plaintiff insurer and against the driver of the truck. Plaintiff has appealed from the judgment in this case.
*715 The collision occurred in the intersection of St. Claude Avenue and Mandeville Street in the City of New Orleans shortly before 4 p. m. on a clear day. St. Claude is a heavily trafficked boulevard and enjoys the right-of-way over Mandeville (New Orleans City Code, 1956, § 38-93). Plaintiff was a guest passenger in an automobile being driven by his brother, one of the defendants, on St. Claude and traveling in the direction of and approaching Mandeville, a side street which enters St. Claude. The car was traveling in the lane closer to the neutral ground at a speed of 35 miles per hour, the legal limit. The truck involved in the collision was on Mandeville. When the automobile was approximately 150 feet away the truck proceeded into the St. Claude neutral ground and stopped for the Mandeville intersection with that side of St. Claude upon which the automobile was traveling. In this stopped position the extreme front of the truck was at the curb line of St. Claude. When the automobile was approximately 40 feet from the intersection the truck suddenly moved from its stopped position in the neutral ground area and proceeded across the path of the automobile's travel. The defendant driver of the automobile immediately applied his brakes and swerved to his right, the direction in which the truck was traveling, but too late to avoid the collision. The left front of the automobile struck the right rear fender of the truck, injuring the plaintiff.
Plaintiff contends the defendant automobile driver and his insurer are liable under the doctrine of last clear chance. He bases that contention chiefly on the fact that the curb on St. Claude immediately before the Mandeville intersection was 4 inches high. The defendant automobile driver, plaintiff argues, could have turned to his left, caused the car to jump the curb, and thus have avoided the collision. We do not agree with the contention.
What this court said in Cox v. Murray, 167 So.2d 523, 526, is applicable here:
"In order for the doctrine of last clear chance to be applicable the person against whom the doctrine is invoked must have actually discovered, or have been in a position where he could and should have discovered, the other person's peril in sufficient time to avoid the accident with the exercise of reasonable care."
Our settled jurisprudence is to the effect that a motorist who is driving at a reasonable speed on a right-of-way street has a right to assume that a driver approaching from a less favored street will stop for the intersection and yield the right-of-way; the motorist on the right-of-way street has the right to indulge in this assumption until he sees, or should see, that the other car has not observed or is not going to observe the law. Duane v. Toye Bros. Yellow Cab Company, La.App., 148 So.2d 451; Harrell v. Goodwin, La. App., 32 So.2d 758; Butler v. O'Neal, La. App., 26 So.2d 753; Cole v. Sherrill, La. App., 7 So.2d 205; Olano v. Leathers, La. App., 2 So.2d 486; Anderson v. Louisiana Power & Light Co., La.App., 180 So. 243; United Theatres v. Rochefort, La.App., 171 So. 205.
In the instant case the truck had stopped for the intersection and the automobile driver had the right to assume that it would remain in its place of safety and not enter the favored street until the way was clear. Instead the truck suddenly drove into the automobile's path when the latter was only 40 feet away, a maneuver which the driver of the automobile could not have anticipated until the truck actually began moving into St. Claude. The collision was then inevitable; there was insufficient time for the driver of the automobile to avoid the accident with the exercise of reasonable care. His actions in immediately applying his brakes and swerving to his right were *716 entirely reasonable under all the circumstances. He did not have time to turn left and enter the neutral ground by jumping the curb as the plaintiff contends he should have. Furthermore, if the accident could have been avoided by that maneuver, and we are satisfied that such is not a fact, he is not rendered liable because he failed to take such action. Where a motorist is confronted with a sudden emergency, which is not of his own creation and to which he did not contribute, allowing him only a fraction of time in which to act, he is not guilty of negligence if he does not make the wisest choice of the alternatives available to him in his effort to avoid the accident precipitated by the emergency. Dane v. Canal Insurance Company, 240 La. 1038, 126 So.2d 355; Snodgrass v. Centanni, 229 La. 915, 87 So.2d 127; Stanford v. Bateman Frozen Foods Company, La.App., 149 So. 2d 753; Romans v. New Amsterdam Casualty Co., La.App., 137 So.2d 82; Tyler v. Marquette Casualty Company, La.App., 79 So.2d 376; Fornea v. Crain, La.App., 79 So.2d 95.
We conclude that the defendant driver of the automobile was free of negligence and that the judgment dismissing plaintiff's suit against that defendant and his insurer is correct and must be affirmed.
Plaintiff makes one other contention, that the judgment dismissing his suit against the defendant driver of the truck is erroneous. He asks that we render a judgment in his favor and against that defendant. We agree that the judgment dismissing the suit against the driver of the truck is erroneous but plaintiff is not now entitled to a judgment against that defendant.
No judgment on the merits can be rendered in favor of plaintiff and against the defendant truck driver for the reason that issue has never been joined between them. Such issue could only have been joined in this suit, an ordinary one, by an answer filed by that defendant (Chopin v. Freeman, 145 La. 972, 83 So. 210; Moore v. Stancel, 36 La.Ann. 819; Robinson v. Enloe, 10 La.App. 435, 121 So. 320, 321), by an appearance by him sufficient to constitute a tacit joining of issue (Ducote v. Ducote, 183 La. 886, 165 So. 133; K. & M. Store v. Lewis, La.App., 22 So.2d 769), or by an entry of a preliminary default (LSA-C.C.P. Art. 1701-1702; Stewart v. Purcell, La. App., 131 So.2d 907; Aycock v. Miller, La. App., 18 So.2d 335; Russo v. Aucoin, La. App., 7 So.2d 744). As we have previously pointed out the defendant truck driver has never answered nor has he made any appearance in the trial court. The record fails to show that a preliminary default was entered and we must conclude that no such entry was made. Therefore, no valid judgment can be rendered against that defendant; indeed, under the last paragraph of LSA-C.C.P. Art. 1571 the case against him could not have been fixed for trial.
Nor could the trial judge have rendered a correct judgment in favor of the defendant truck driver. As shown by the facts now contained in the record of this case, the collision in which plaintiff was injured was caused solely and only by the negligence of that defendant. We feel certain that the trial court inadvertently rendered judgment in his favor. This is illustrated by the fact that judgment was rendered in favor of the subrogated insurer and against the truck driver in the consolidated case.
We therefore annul and set aside that part of the trial court's judgment which is in favor of the defendant truck driver, Henry Tardiff, and dismisses plaintiff's suit against that defendant. This is done without prejudice to those two litigants, either of whom may take such further proper proceedings herein as he may deem necessary.
For the reasons assigned, the judgment appealed from is amended only insofar as to annul and set aside that part thereof which is in favor of the defendant, Henry Tardiff, and dismisses plaintiff's suit against that defendant, without prejudice to the *717 plaintiff or Tardiff. As thus amended, and in all other respects, the judgment appealed from is affirmed; plaintiff to pay the cost of this appeal.
Amended and affirmed.