339 So.2d 1268 (1976)
Peter BICKFORD
v.
Gerald LUTZ and Dan Anzalone d/b/a Lutz Greenhouse.
No. 10911.
Court of Appeal of Louisiana, First Circuit.
November 15, 1976.
*1269 Robert J. Mack, of Mack & O'Neal, Hammond, for Peter Bickford, plaintiff-appellee.
Foster J. Johnson, Jr., New Orleans, for Gerald Lutz, defendant-appellant.
Before LANDRY, EDWARDS and COLE, JJ.
COLE, Judge.
Plaintiff-appellee, Peter Bickford, was injured in an automobile accident in Mississippi while making deliveries for his employer, Gerald Lutz d/b/a Lutz Greenhouse. Lutz, an out-of-state resident, operated a temporary, seasonal nursery business in Hammond, Louisiana. What purports to be a default judgment was entered against Lutz in favor of Bickford on a workmen's compensation claim. Lutz appeals the judgment entered against him.
The record with which this Court is confronted is replete with errors, omissions and inconsistencies. From what we can extract from the record, the plaintiff attempted to serve the defendant by certified mail under La.R.S. 13:3204, et seq. (Louisiana's Long-Arm Statute). Allegedly, the required certified copies of the petition and citation were sent with a cover letter by certified mail to defendant on July 29, 1974, and were received on August 1, 1974, by Eleanor Nyquist, who defendant admitted in his deposition of November 7, 1974, was authorized to receive mail for him. However, in his deposition, defendant claimed that he received only the cover letter and that no petition was enclosed. Evidently, appellee was somewhat doubtful that his initial attempt to serve the defendant had been properly effected because on August 13, 1974, a citation and petition was sent by certified mail to the same address, i. e. "7281 N. 20 Mile Road" with instructions that delivery be to addressee only. According to the defendant's deposed testimony, his correct address at that time was "7281 East 20 Road." In any event, the second communication, with enclosures, was returned August 17, 1974, marked "unclaimed." Further, plaintiff failed to file an affidavit of service with attached return receipt as is required when service is effectuated under the Long-Arm Statute. La. R.S. 13:3205.
*1270 On October 1, 1974, a supplemental and amending petition was filed by plaintiff naming Aetna Casualty & Surety Company as the workmen's compensation insurance carrier of defendant Gerald Lutz, and asking that said carrier be made a party defendant. Plaintiff pled therein the reiteration of each and every allegation of his original petition and prayed for judgment against Gerald Lutz and Aetna, in solido. The record reflects that, as sought by plaintiff, the supplemental petition was served upon Aetna. The record does not reflect that service was attempted or made upon Gerald Lutz. Aetna immediately responded to the claim made against it and, while the record does not reflect the result, a motion for summary judgment was filed in its behalf, a hearing was held February 14, 1975, on the motion, memoranda was to be filed, and the matter was presumably taken under advisement.
After the defendant failed to answer, plaintiff took a preliminary default on December 6, 1974. The minute entry for that date indicates that the preliminary default was entered against Lutz Greenhouse, a trade name, and not against the named defendant, Gerald Lutz. On December 11, 1974, plaintiff presented evidence, including his own testimony and that of his attorney, defendant's deposition and various medical bills, to confirm the preliminary default. Judgment was entered on January 27, 1975, ordering that the "default entered herein against the defendant, Gerald Lutz, on December 6, 1974 . . . be now confirmed and made final."
The following questions are presented by this appeal:
(1) Was proper service of process made under La.R.S. 13:3204, so as to give the trial court jurisdiction to render a judgment against the non-resident defendant?
(2) Was the judgment rendered based upon the entry of a valid preliminary default?
(3) Was the judgment appealed from one by default as provided for by La.C. C.P. art. 1701, et seq.; or was it a "preliminary judgment" as provided for by La.R.S. 23:1316?

I.
In order to have proper service on a non-resident defendant under the Long-Arm Statute, the plaintiff must follow exactly the statutorily mandated provisions. La.R.S. 13:3201, et seq.; Ray v. South Central Bell Telephone Company, 303 So.2d 877 (La.App. 1st Cir. 1974), affirmed, 315 So.2d 759 (1975). Such service may be perfected by sending a certified copy of the citation and petition to the defendant by registered or certified mail. La.R.S. 13:3204. Should an amended petition or a supplemental petition be filed, service thereof is required and must be effected in the same manner. See reporter's comment (e) infra § 3204; and cf. La.C.C.P. arts. 1153, 1312, and La.R.S. 13:3207.
The defendant challenges the service by alleging that the original citation and petition were not enclosed in the certified letter sent to and received by him. He does not raise the question of the apparent lack of service of the supplemental and amending petition. Pretermitting the effect of any failure to serve the supplemental and amending petition upon Gerald Lutz, such an allegation, if proved, would render the service invalid. However, the question of the sufficiency of service may not be raised for the first time on appeal. Young v. Warner, 283 So.2d 547, 550 (La. App. 1st Cir. 1973). If such an issue is not raised by a declinatory exception, the issue may be raised collaterally in a suit to annul the judgment. See, Swann v. Performance Contractors, Ltd., 271 So.2d 294 (La.App. 3rd Cir. 1972).

II.
Defendant's next contention is that the method of proof of service directed by La.R.S. 13:3205 was not followed and the default judgment is therefore invalid. Without getting into the issue of method of proof of service or conceding that same may be raised for the first time on appeal, La. *1271 R.S. 13:3205 sets the time delay which must run before a preliminary default may be rendered when service is made by § 3204. This delay is triggered by the filing of an affidavit of service by the plaintiff. La. R.S. 13:3205 provides:
"No default judgment can be rendered against the defendant until thirty days after the filing in the record of the affidavit of the individual who either:
"(a) mailed the process to the defendant, showing that it was enclosed in an envelope properly addressed to the defendant, with sufficient postage affixed, and the date it was deposited in the United States mails, to which shall be attached the return receipt of the defendant; * * *."
No such affidavit with attached return receipt was filed in the record by plaintiff. § 3205 mandates the filing in the record of the affidavit of service to commence the running of the thirty-day delay before a "default judgment" may be validly entered. The reporter's comment (c) indicates that "default judgment" as used in § 3205 is intended to have the same meaning attributed to it by La.C.C.P. art. 1701, and in the professional vernacular to mean "preliminary default" rather than "confirmation of a default." Plaintiff's attempts to offer the return receipt at the confirmation of the default would not cure an invalid preliminary default previously entered. Since no affidavit was filed by the plaintiff, the required thirty days did not elapse; therefore, the preliminary default entered against the defendant was premature. Any final judgment of default obtained without a valid preliminary default is an absolute nullity. See, e. g., Arthur v. Cochran, 12 Rob. 41, 43 (1845); Welch v. Welch, 169 So.2d 713 (La.App. 4th Cir. 1964).
In this same regard, we have noted that the December 6, 1974, minute entry shows that the preliminary default was entered in the trade name, Lutz Greenhouse, not in the name of the defendant. No preliminary default was entered against the named defendant. A judgment cannot be rendered against a defendant who has never answered and has never made a general appearance in the absence of the entry of a preliminary default. Welch v. Welch, supra, and cases cited therein.

III.
Appellant also contends that the evidence presented to confirm the preliminary default was insufficient. This contention raises the question of whether the judgment at issue was a default judgment under C.C.P. arts. 1701, et seq., or a workmen's compensation "preliminary judgment" under La.R.S. 23:1316. The basis or proof for judgment is different in each instance.
C.C.P. art. 1702 requires that a judgment of default (preliminary default) must be confirmed by "proof of the demand sufficient to establish a prima facie case." Such a judgment is final and may be appealed.
On the other hand, a "preliminary judgment" under La.R.S. 23:1316 may be obtained on the basis of the facts set forth in a verified petition, without the necessity of proof. Such a judgment is in the nature of a penalty assessed against the employer for his failure to answer, is interlocutory in nature, and not properly appealable unless it causes irreparable injury. Naquin v. Coal Operators Casualty Company, 157 So.2d 276, 278 (La.App. 3rd Cir. 1963). The proper response by a defendant who has a "preliminary judgment" entered against him would be to request a hearing on the merits.
While the attorney for the plaintiff referred to La.R.S. 23:1316 during the confirmation of the default and the trial judge averred to its applicability in his judgment, we find that the judgment appealed from was not styled as an interlocutory "preliminary judgment" under R.S. 23:1316, but in the language of the judgment, was a "final" judgment by default pursuant to C.C.P. art. 1702. The plaintiff never sought a workmen's compensation "preliminary judgment" based on the allegations of the petition, but instead sought *1272 to confirm a preliminary default by presenting evidence for weekly benefits and medical expenses. Furthermore, while R.S. 23:1316 contemplates a preliminary judgment providing for the payment of "compensation," we find no authority for the inclusion of attorney fees as was adjudicated in the judgment under consideration.

Summary
The judgment rendered below upon confirmation of default is an absolute nullity due to the failure of the plaintiff to obtain a preliminary default against the individual defendant-appellant cast. Even assuming that proper long-arm service was effected, the judgment would still be a nullity because of plaintiff's failure to comply with the provisions of R.S. 13:3205. As plainly stated, no default judgment (preliminary default) can be rendered until thirty days after the filing of the required affidavit. There is no showing that this thirty-day period was ever commenced by the filing of the affidavit. Because of its absolute nullity, we vacate and set aside the judgment of January 27, 1975.
Having determined that the default judgment rendered is an absolute nullity for the foregoing reasons, it is unnecessary to address the question of whether the evidence presented to confirm the preliminary default was sufficient. Our comments would only be obiter dicta. It suffices to say that the requirements for the establishment of a prima facie case to confirm a default judgment are set forth in many cases, including Courville v. Southern Casualty Insurance Company, 304 So.2d 93 (La.App. 3rd Cir. 1974), and Smith v. Doyle, 160 So.2d 791 (La.App. 3rd Cir. 1964).
The sufficiency of service on the non-resident defendant herein, the method of proof thereof, and the concomitant exercise of personal jurisdiction over said defendant by virtue of such service are matters that direct themselves to the trial court. In view of the contentions with respect to the alleged enclosure of the citation and original petition in the letter of July 29, 1974; the lack of evidence in the record to show that the supplemental and amending petition was ever attempted to be served or served upon defendant-appellant; and because plaintiff, as yet, has not filed the affidavit required by R.S. 13:3205; there is ample justification for a remand of this case so that additional evidence may be adduced thereon.
For the several reasons discussed and summarized above, we vacate the judgment of the trial court and remand for further proceedings consistent with this opinion. The costs of this appeal are to be assessed to the appellee.
JUDGMENT VACATED AND REMANDED.