491 So.2d 797 (1986)
Thomas D. VINCENT, Plaintiff-Appellee,
v.
FORREST DRILLING COMPANY & American Home Insurance Groups, Inc., Defendants-Appellants.
No. 85-917.
Court of Appeal of Louisiana, Third Circuit.
July 21, 1986.
Camp, Carmouchei and Donald C. Brown, Lake Charles, for defendants-appellants.
Hennigan and Walters, J. Reed Walters, Jena, for plaintiff-appellee.
Before GUIDRY, FORET and LABORDE, JJ.
FORET, Judge.
The defendants, Forrest Drilling Company and American Home Insurance Groups, Inc., suspensively appeal a judgment awarding the plaintiff, Thomas D. Vincent, all medical expenses, 12% penalties on all benefits due, and attorney's fees in the amount of $2,500.

FACTS
A worker's compensation benefits petition was filed on May 8, 1985, by Thomas D. Vincent against Forrest Drilling Company and American Home Insurance Groups, Inc. after payment to the plaintiff for injuries sustained while in the employment of defendant. Mr. Vincent claimed benefits for medical problems that were not shown to be work-related. The claim was denied by the employer. Vincent sued defendants for benefits, penalties, and attorney's fees. Defendants were never afforded the opportunity to present their case due to the improper procedure followed in obtaining a judgment.
On June 24, 1985, the trial court ordered a hearing for July 29, 1985. At that time, the clerk of court was directed to serve defendants. However, the record is devoid of any proof of service of the petition as required under La. R.S. 23:1315 and 1316.
On July 29, 1985, the case came before the trial court for hearing. Mr. Vincent was present with counsel; defendants were not present nor represented by counsel. Plaintiff's counsel made opening statements, testimony and evidence were presented to the court, and for oral reasons given, the court rendered judgment as prayed for, together with 12% penalties and attorney's fees of $2,500.
The record reflects that the trial court granted a final judgment by default rather than a preliminary judgment under *798 the Worker's Compensation Statute without fulfilling the requirements under 23:1316 which dictate that a preliminary judgment must be entered before a final default judgment is rendered.
The judgment awarded by the trial court does not meet the requirements of the "Preliminary Judgment" provisions of the Worker's Compensation Statute, LSA-R.S. 23:1316. No judgment can be rendered against a defendant who has never answered or made an appearance in the trial court, in the absence of a preliminary default. Kennedy v. Coon, 401 So.2d 512 (La.App. 2 Cir.1981); Spencer v. Collins, 338 So.2d 148 (La.App. 2 Cir.1976); Glessner v. Hyatt, 380 So.2d 222 (La.App. 3 Cir.1980); Welch v. Welch, 169 So.2d 713 (La.App. 4 Cir.1964); Bickford v. Lutz, 339 So.2d 1268 (La.App. 1 Cir.1976).
In the Bickford case, the judgment rendered was not styled an interlocutory "Preliminary Judgment" under R.S. 23:1316, but rather the language of the judgment was a final judgment by default as the one in the case at hand. In that case, the First Circuit via Judge, now Justice, Cole stated that:
"No preliminary default was entered against the named defendant. A judgment cannot be rendered against a defendant who has never answered and has never made a general appearance in the absence of the entry of a preliminary default....
* * * * * *
"The plaintiff never sought a workmen's compensation `preliminary judgment' based on the allegations of the petition, but instead sought to confirm a preliminary default by presenting evidence for weekly benefits and medical expenses. Furthermore, while R.S. 23:1316 contemplates a preliminary judgment providing for the payment of `compensation,' we find no authority for the inclusion of attorney fees as was adjudicated in the judgment under consideration."
The court in Bickford found the judgment to be an absolute nullity due to the failure of the plaintiff to obtain a preliminary default against defendant. We agree with Bickford and adopt its reasoning and result as dispositive of the case at hand.
For the reasons discussed above, we vacate the judgment of the trial court and remand for further proceedings consistent with this opinion. The costs of this appeal are to be assessed to the appellee.
JUDGMENT VACATED AND REMANDED.