WILLIAMS, Judge.
Defendant, A. Copeland Enterprises, Inc. (Copeland), appeals dismissal of his recon-ventional demand against plaintiff, James Price. The issue before this court is whether the trial court erred in ruling that Copeland failed to state a cause of action in his reconventional demand for reimbursement of workers’ compensation benefits paid to plaintiff pursuant to a preliminary judgment under LSA-R.S. 23:1316. We affirm.
On February 12, 1985, Price filed a petition[1] for workers’ compensation benefits allegedly due as the result of an injury which occurred in the course and scope of his employment with Copeland on February 29, 1984. The record shows that Copeland was served through its agent for service of process on February 22, 1985. Defendant did not file an answer.
With the exception of a motion to enroll as counsel of record, no action was taken on the ease until June 9, 1987, over two years after the petition was filed, when plaintiff filed a motion for preliminary judgment based on LSA-R.S. 23:1316.[2] Preliminary judgment was rendered June 10, 1987 in favor of plaintiff, decreeing defendant liable for workers’ compensation benefits at the rate of $90.93 per week until trial on the merits. The trial judge noted at the end of the judgment that no answer or extension of time was contained in the record. On July 23, 1987, the trial judge amended the preliminary judgment to have benefits commence April 1, 1984, totalling $16,367.17 and $491.00 medical expenses, plus interest of 12% per annum.
On September 17, 1987, plaintiff filed a motion to examine the judgment debtor, which proceeding was set for October 16, 1987. On October 14, 1987, a full two years and eight months after plaintiff’s main demand was filed and nearly three months after the amended preliminary judgment was rendered, defendant filed an answer denying all allegations in the main demand. Thereafter, the trial court denied, except as to medical expenses, a motion by defendant to annul the preliminary judgment. Defendant filed an application for writs, which was denied by this court.
On February 23, 1988, Copeland filed its reconventional demand seeking reimbursement of benefits paid pursuant to the preliminary judgment. The reconventional demand was dismissed on an exception of no cause of action, and defendant appeals.
In ruling on an exception of no cause of action, the court must determine whether the law grants a remedy to anyone for the particular harm alleged by plaintiff. Johnson v. State, Through the Division of Administration, 510 So.2d 87, 89 (La.App.1st Cir.1987), citing Klein v. Recorder of Mortgages for Parish of Orleans, 430 So.2d 1047 (La.App. 4th Cir.1983). All allegations of plaintiff’s petition are to be accepted as true, id., and no evidence is admissible to support or controvert the excep-. tion. LSA-C.C.P. art. 931.
In its first assignment of error, defendant contends the trial court erred in sustaining plaintiff’s exception because defendant’s reconventional demand stated a cause of action for return of a thing not due under LSA-C.C. art. 2301.[3]
In its reconventional demand, Copeland alleged that at the time the motion for preliminary judgment was filed, Price had been employed with at least two companies and earned wages equal to or greater than *236 what he earned with Copeland; and that Copeland was, therefore, entitled to reimbursement of workers' compensation benefits paid pursuant to the preliminary judgment.
A claimant is entitled to a preliminary judgment upon simple request when defendant fails to timely answer under the statute, and such failure to answer within the time limits is proof enough of delay. Pearson v. Aetna Casualty & Surety Co., 460 So.2d 11 (La.App. 1st Cir.1984). Defendant in the instant case did not file an answer for more than two years after service of the petition and for nearly three months after the amended preliminary judgment was executed. Under Pearson, this is sufficient proof of delay.
A preliminary judgment under Section 1316 for failure to file an answer is by its nature a penalty against the employer for delaying trial on the merits. Id.; Darby v. Guastella Construction Co., 278 So.2d 565 (La.App. 4th Cir.1973), writ denied 281 So.2d 754 (La.1973). The judgment is set in accord with the facts alleged in the petition without need of proof. Bickford v. Lutz, 339 So.2d 1268 (La.App. 1st Cir.1976); see LSA-R.S. 23:1316. Whether plaintiff’s claim is successful on the merits is immaterial to the assessment of the penalty under Section 1316.
The instant ease is distinguishable from Johnson v. State of Louisiana Through the Division of Administration, 510 So.2d 87 (La.App. 1st Cir.1987), cited by Copeland in support of its argument. The Johnson court held that, where defendant alleged that the workers’ compensation payments to plaintiff were made in error since plaintiff misrepresented the facts to defendant, defendant’s reconventional demand for reimbursement of those payments stated a cause of action for payment of a thing not due because the payments were not made with full knowledge. In Johnson, plaintiff’s exception of no cause of action on the reconventional demand was denied. Although defendant in both Johnson and the instant case alleged that plaintiff’s assertions were false, the benefits paid by defendant here were paid pursuant to the mandate of LSA-R.S. 23:1316, not because of error or lack of knowledge under LSA-C.C. art. 2301. The payment is due by defendant’s delay, whether or not plaintiff’s allegations are ultimately proved. Accordingly, payment by defendant pursuant to the preliminary judgment does not constitute payment of a thing not due, and defendant does not have a cause of action for reimbursement.
Thus, defendant’s first assignment is without merit.
In its second assignment of error, defendant contends the trial court erred in sustaining the exception because the interlocutory nature of the preliminary judgment renders the amount paid thereunder “inherently recoverable” on the merits. Alternatively, defendant contends that the preliminary judgment was a final judgment which is null for failure to comply with the Code of Civil Procedure on default judgments. This assignment is without merit.
A preliminary judgment under LSA-R.S. 23:1316 is an interlocutory judgment, Flot v. Transportation Insurance Co., 533 So.2d 1221 (La.1988), entered because of defendant’s failure to answer and delay of trial. We know of no authority, and defendant cites none, that benefits paid pursuant to an interlocutory preliminary judgment are inherently recoverable on the merits. The workers’ compensation statute, profoundly affected by public policy, allows the employee with a work related injury to proceed expeditiously in the adjudication and settlement of his claim. Accordingly, when an employer fails to file its answer and thereby delays hearing on the merits, LSA-R.S. 23:1316 provides for payment of benefits until the matter is set for hearing. The proper response by a defendant who has a preliminary judgment entered against it would be to request a hearing on the merits. Bickford v. Lutz, 339 So.2d 1268 (La.App. 1st Cir.1976). As detailed above, Section 1316 is a penalty provision entered regardless of the merits of plaintiff’s claim.
Next, the two cases cited by defendant in support of its argument that the judgment *237 was, in reality, a default judgment are in-apposite. In Bickford v. Lutz, supra, judgment was vacated after the courts found that, unlike here, plaintiff never sought a workers’ compensation preliminary judgment based on the allegations of the petition, but rather, sought and obtained confirmation of a preliminary default without complying with the Code of Civil Procedure on default judgments. Similarly, in Vincent v. Forrest Drilling Co., 491 So.2d 797 (La.App. 3d Cir.1986), the court found that the judgment entered against defendant, who was apparently never served with the petition, was actually a default judgment based not on the allegations of the petition, but on testimony and evidence presented to the court at a hearing on the merits.
In the instant case, the record shows that the preliminary judgment was granted in compliance with Section 1316 and awarded only those benefits allowable under that section. The record further shows that Copeland was served with the petition and thereby received notice that the employee would avail himself of the remedies provided by the workers’ compensation statute. The preliminary judgment was entered due to defendant’s failure to answer and was based on the allegations of the petition, not on the merits.
Accordingly, defendant’s second assignment of error is without merit.
For the foregoing reasons, the trial court’s judgment sustaining plaintiff’s exception of no cause of action on defendant’s reconventional demand for reimbursement of benefits paid pursuant to the preliminary judgment is affirmed.
AFFIRMED.

. We note that the matter was not set for hearing as per LSA-R.S. 23:1315 [Repealed by Acts 1988, No. 938, eff. July 1, 1989]. However, that issue is not before us on appeal.

. LSA-R.S. 23:1316 reads, in pertinent part:
If the time fixed for filing the answer has elapsed without any answer having been filed, then upon simple request of the petitioner the court shall immediately enter a preliminary judgment in favor of the petitioner in accord with the facts set forth in the petition and the provisions of this chapter providing for payment of such compensation as is claimed to be payable until such time as the hearing of the issues on the merits is fixed by an order of court at the request of the defendant.

.LSA-C.C. art. 2301 reads:
He who receives what is not due to him, whether he receives it through error or knowingly, obliges himself to restore it to him from whom he has unduly received it.