WARD, Judge.
The Sheraton Hotel and CIGNA Insurance Co. (collectively “defendants”) appeal a lower court judgment awarding Auburn County past and future worker’s compensation benefits; medical, expert and attorney’s fees; legal interest and penalties.
Auburn County suffered a fall in August 1988 while employed by the Sheraton Hotel as a kitchen worker. Apparently he received compensation benefits for some period; however, upon termination of the payments, he filed a claim with the State Office of Worker’s Compensation. Five days after the April 12, 1989 notice from that office that its recommendation had been rejected by one of the parties to the compensation dispute, County sued the Sheraton and CIGNA Insurance Co., the hotel’s worker’s compensation carrier.
The record indicates the sheriff served the Sheraton on April 25, 1989 and CIGNA was served April 27, 1989 under the long arm statute.
When the defendants failed to make an appearance or answer the petition, County took a preliminary default on June 16, 1989 and subsequently confirmed the default on July 18, 1989.
In its judgment, the Court awarded past and future benefits; all medical fees and expenses, including costs for future medical treatment; expert witness fees of $200.00; attorney’s fees of $3,000.00 plus interest; penalties and interest on all amounts of compensation and medical payments; and all costs of the proceedings.
In the first of five assignments of error, the defendants argue the Trial Court erred in allowing county to proceed by preliminary default under C.C.P. art. 1701, et seq. rather than entering a preliminary judgment pursuant to R.S. 23:1316 of the Worker’s Compensation Act.
R.S. 23:1316 provides:
Answer, failure to file; preliminary judgment
If the time fixed for filing the answer has elapsed without any answer having been filed, then upon simple request of the petitioner the court shall immediately *43 enter a preliminary judgment in favor of the petitioner in accord with the facts set forth in the petition and the provisions of this Chapter providing for payment of such compensation as is claimed to be payable until such time as the hearing of the issues on the merits is fixed by an order of court at the request of the defendant. The hearing on the merits shall be fixed in the same manner as the first hearing is fixed under R.S. 23:1315.
The defendants contend that because the Worker’s Compensation Act is unique and sui generis, the preliminary judgment under R.S. 23:1316 is the only recourse a claimant has against an employer who fails to timely answer a compensation suit.
In support of their argument, the defendants rely on Bickford v. Lutz, 339 So.2d 1268 (La.App. 1 Cir.1976) and Vincent v. Forrest Drilling Co., 491 So.2d 797 (La.App. 3 Cir.1986); however, their reliance is misplaced, not only because both cases are factually distinguishable from the case at hand but because neither case stands for the proposition as County contends, that a default judgment under C.C.P. art. 1701, et seq. is procedurally improper in a worker’s compensation suit.
In Bickford the plaintiff attempted to confirm a default judgment in a worker’s compensation suit based upon an invalid preliminary default. The plaintiff in that ease obtained a preliminary default against the defendant’s business and in turn attempted to use that preliminary default as a basis for a confirmation and final judgment against the defendant individually when service was never made upon the defendant individually. This factual scenario caused the Bickford court to hold:
No preliminary default' was entered against the named defendant. A judgment cannot be rendered against a defendant who has never answered and has never made a general appearance in the absence of the entry of a preliminary default. Welch v. Welch, 169 So.2d 713 (La.App. 4 Cir.1964); 339 So.2d at 1271. (Emphasis ours.)
In Vincent supra, like Bickford a preliminary default and subsequent default judgment were ruled absolute nullities by the appellate court because of lack of service upon the defendant-employer.
Obviously, these cases cannot support the defendants’ position in this case. Unlike Bickford and Vincent, County obtained a preliminary default grounded on valid service of process and citation against both defendants. Indeed, neither defendant in this case attacks the sufficiency or validity of service of process.
We can find no authority for the defendants’ contention that County is limited to a preliminary judgment under R.S. 23:1316. The statute by its terms is not so restrictive and we decline to construe it as such.
The next assignment argues that even if the default judgment was proper, the medical evidence submitted by County was insufficient to support the award of benefits. We agree.
Por a plaintiff to obtain a default judgment, he must establish the elements of a prima facie case with competent evidence, as fully as though each of the allegations in the petition were denied by the defendant. In other words, the plaintiff must present competent evidence that convinces the Court that it is probable he would prevail on a trial on the merits. Thibodeaux v. Burton, 538 So.2d 1001 (La.1989).
In the present ease, County attempted to establish his prima facie case by the introduction of a typed report by Dr. C.R. Cuenca dated July 5, 1989, a bill dated June 30, 1989 in the amount of $50.00 from Dr. Cuenca, a directive written on a prescription pad of Dr. Cuenca dated June 30, 1989 to have various tests run, and a receipt from Dr. Cuenca evidencing a $35.00 payment.
Excerpting from Dr. Cuenca’s report, it reads:
He may be temporarily disabled from doing his usual duties at his employment at the Sheraton Hotel, because of Cervical and Lumbar Spine sprains which have not been thoroughly evaluated.
*44 The report does not state that County is disabled or that more probably than not he is disabled from doing his usual duties. The strongest phrase used is “may be disabled.”
Dr. Cuenca’s report indicates the date of County’s accident as June 17, 1988, while County’s petition alleges he fell “[o]n or about August 19, 1988.”
Further reading of Dr. Cuenca’s report indicates:
It has been over a year since Mr. County sustained injuries, and I have not been able to find any records of frequent prescriptions for pain medication or physical therapy treatments for the severity of his complaints.
This statement, we believe, casts doubt upon the validity of Mr. County’s complaint. Presumably, had Mr. County been injured or in pain he would have sought treatment, medication or therapy during the one year period between the time of his alleged injury and Dr. Cuenca’s consultation.
In the second to last'paragraph of his report, Dr. Cuenca states:
On neurological examination he [County] reported pain in places which did not correlate clinically to the injured areas.
It appears County’s complaints were not consistent with those attributable to cervical and lumbar spine sprains.
The inconsistencies of County’s complaints coupled with the indefiniteness of Dr. Cuenca’s report leads us to conclude County failed to establish a prima facie case to substantiate an award of benefits. Because of our ruling on this assignment of error, we need not reach the defendants other complaints of excessive expert and attorney’s fees, penalties and legal interest.
For the foregoing reasons, the final default judgment is reversed. The case is remanded to the lower court for an expedited hearing on the merits of County’s claims.
REVERSED AND REMANDED.